◼ In the Matter of ROBERT SCHLICHT et al., Doing Business as HUDSON BAY, Petitioners, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Proceeding under CPLR article 78 to annul a determination of the respondent Commissioner of Motor Vehicles, which suspended for 10 days petitioner's automobile dealer's license. By order of the Supreme Court, Nassau County, dated July 6, 1965, the proceeding was transferred to this court for disposition. Determination confirmed and proceeding dismissed, with costs. Although we find the evidence insufficient to support the determination of a violation of section 415 (subd. 9, par. c) of the Vehicle and Traffic Law with respect to replacement of the idler arm, the evidence is more than sufficient to sustain the determination as to the other charges. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

◼ MARGHERITA M. MORGANTE, Respondent, v. CALOGERO MORGANTE, Appellant.— Interlocutory judgment of the Supreme Court, Queens County, dated December 22, 1965, reversed, on the law and the facts and in the exercise of discretion, without costs, and new trial granted. In our opinion, the judgment is against the weight of the credible evidence. Beldock, P. J., Ughetta, Brennan and Hopkins, JJ., concur; Rabin, J., dissents and votes to affirm the judgment.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSE SANCHEZ and MILTON SANTIAGO, Respondents.— Two orders of the Supreme Court, Kings County, both dated May 12, 1964, each granting a respective motion by each respective defendant to suppress evidence, affirmed. On the facts as found by the trial court, on sufficient evidence, we agree that there was an illegal search and seizure. The motions to suppress were, therefore, properly granted. We pass upon no other question. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ, concur.